UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CEDRICK CAMPER,

     Plaintiff,

v.                                    Case No. 8:26-cv-1238-VMC-CPT


ELDANTE HVAC SERVICES LLC,

     Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, Count I of the complaint is severed and remanded to state court for lack of subject matter jurisdiction, but the Court retains jurisdiction over Count II of the complaint.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

1

Plaintiff Cedrick Camper initiated this action in state court, asserting a workers' compensation retaliatory discharge claim under the Florida Workers' Compensation Act (FWCA) (Count I), and a failure to pay overtime claim under the Fair Labor Standards Act (FLSA) (Count II). (Doc. # 1-1). Defendant Eldante HVAC Services LLC removed the case to this Court on April 28, 2026, on the basis of federal question jurisdiction because of the FLSA claim. (Doc. # 1). Eldante failed to address the workers' compensation retaliation claim in its notice of removal.

Thereafter, the Court entered a show cause order, directing Eldante "to show cause by May 6, 2026, why this case — or at least the retaliation claim — should not be remanded to state court." (Doc. # 3). As the Court explained in that order, federal law "prohibits the removal of certain types of actions by designating them as non-removable." Avery v. Wawa, Inc., No. 8:18-cv-403-VMC-TGW, 2018 WL 1008443, at *1 (M.D. Fla. Feb. 22, 2018) (citing 28 U.S.C. § 1445). As relevant here, civil actions brought in state court "arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "The Eleventh Circuit has held that retaliation claims brought under Chapter 440.205 of Florida's

2

Workers' Compensation laws fall within the ambit of 28 U.S.C. § 1445(c) and that such removed claims must be remanded for lack of subject matter jurisdiction." Avery, 2018 WL 1008443, at *1; see Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000) (remanding Alabama workers' compensation retaliation claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1445(c)); Alansari v. Tropic Star Seafood, Inc., 388 F. App'x 902, 905 (11th Cir. 2010) ("[B]ecause the district court lacked subject-matter jurisdiction over Alansari's [Florida] state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court.").

Eldante now concedes that the workers' compensation retaliation claim "is non-removable under 28 U.S.C. § 1445(c) and must be remanded." (Doc. # 12 at 3). Eldante argues, however, that the Court should retain jurisdiction over the FLSA claim. (Id.). The Court agrees.

The workers' compensation retaliation claim in this case is non-removable. The Court lacks subject-matter jurisdiction over that claim and that claim must be remanded. The decision whether to sever and remand the workers' compensation retaliation claim or to remand the entire case "is controlled by whether [Mr. Camper's] claims are 'separate and

3

independent' and if so, whether state law predominates." Jackson v. Burke, No. 8:10-cv-766-JDW-EAJ, 2010 WL 2179115, at *2 (M.D. Fla. June 1, 2010). "Section 1441(c) of Title 28 authorizes removal to federal court of cases in which a 'separate and independent' federal claim or cause of action is joined with a nonremovable claim or cause of action." Id. The "complaint controls the determination of whether the claims asserted are separate and independent." Id. at *3.

Mr. Camper's FLSA claim for unpaid overtime "is separate and independent from [his] retaliatory discharge claim[], since that claim exists without regard to whether [he] was wrongly discharged under" the FWCA. Id. "The FLSA claim for overtime compensation alleges a violation of a statutory right separate and apart from the retaliatory discharge claim[], notwithstanding that all of the claims arise from [Mr. Camper's] employment by [Eldante] and some of the facts supporting those claims will be the same." Id. (severing and remanding only the FWCA retaliation claim). "Additionally, state law does not predominate over the FLSA claim[], as [that claim has] nothing to do with Florida law." Ramirez v. S. Fla. Donuts, Inc., No. 10-80927-CIV, 2010 WL 11596715, at *1 (S.D. Fla. Nov. 10, 2010) (severing and remanding the workers' compensation retaliation claim and retaining jurisdiction

over the FLSA overtime claim). Therefore, the FLSA claim will not be remanded.

The Court, finding that it lacks subject matter jurisdiction over the FWCA claim, severs and remands the FWCA claim to state court. The Court retains jurisdiction over the FLSA claim.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Count I of the complaint, the FWCA retaliation claim, is severed and remanded to state court for lack of subject-matter jurisdiction. But Count II, the FLSA claim, will remain in this Court and the case remains open as to this claim. The Clerk is directed to remand the FWCA claim accordingly.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of May, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5